FILED
United States Court of Appeals
Tenth Circuit

May 8, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

BRIAN EDWARD RUHL,

      Defendant – Appellant.

No. 14-5023
(D.C. No. 4:12-CR-00063-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

Appellant Bryan Edward Ruhl pled guilty to child pornography charges pursuant to a written plea agreement with prosecutors in July 2012.  In February 2014, while serving his sentence, Mr. Ruhl filed a motion for correction of clerical mistakes under Fed. R. Crim. P. 36 to strike three of the "Special Sex Offender

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Conditions" contained in his plea agreement. The district court denied the motion and Mr. Ruhl brought this appeal.

Fed. R. Crim. P. 36 provides an avenue for courts to correct clerical mistakes in judgments. However, Mr. Ruhl does not specify any clerical error in his judgment. Mr. Ruhl takes issue with the three contested conditions and how they were presented to him, but he does not tie his opposition to these conditions to a specific clerical error or omission which a Rule 36 motion would allow a court to correct.

Instead, Mr. Ruhl contests whether he was adequately informed of the terms of his sentence prior to it being imposed and whether he had the mental capacity to comprehend and accept the sentence without objection. These challenges raise constitutional concerns, not concerns about clerical errors, and should have been brought either through a direct appeal within fourteen days of the district court's entry of judgment, *see* Fed. R. App. P. 4(b)(1)(A), or through a 28 U.S.C. § 2255 motion, which allows collateral attacks upon the legality of a prisoner's sentence by a prisoner currently in custody within one year of the entry of a final judgment. The time limit for these challenges has now passed, and Mr. Ruhl cannot circumvent established channels simply by recharacterizing a substantive challenge to the legality of his sentence as a motion to correct a clerical error.

We hold each of Mr. Ruhl's reasons for objecting to the "Special Sex Offender Conditions" to be challenges to the legality of his sentence, not attempts to correct a clerical omission or oversight contained within it, making his Rule 36 motion an improper vehicle for raising these challenges. We therefore **AFFIRM** the district

court's decision to deny the motion. We also **DENY** Mr. Ruhl's motion for appointment of counsel to represent him on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge